IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL HAYNES,

    Plaintiff,

v.                                                     Civil Action No. 5:05CV127
                                                                 (STAMP)

VERA HEIGHTLAND and
MOTORISTS MUTUAL
INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING AS MOOT BUT WITHOUT PREJUDICE DEFENDANT
MOTORISTS MUTUAL INSURANCE COMPANY'S
MOTION TO DISMISS**

I.   Background

In October 2003, the plaintiff, Paul Haynes, filed a complaint against Vera Heightland ("Heightland") and the Erie Insurance Group, the underinsured motorist carrier, in the Circuit Court of Marshall County, West Virginia alleging personal injuries arising out of an automobile accident involving the plaintiff and Heightland.[1] In July 2005, the plaintiff filed this separate complaint against Heightland and Motorists Mutual Insurance Company ("Motorists Mutual") in the Circuit Court of Marshall County, West Virginia alleging personal injury and bad faith insurance claims arising out of the same automobile accident as described in the

---

[1]The claim filed in 2003 was set for trial in October of 2005, however, this Court has never been informed of the outcome of that civil action.

2003 complaint.[2] On August 12, 2005, Motorists Mutual filed a notice of removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a), and Heightland consented to that removal.

In August 2005, Motorists Mutual filed a motion to dismiss, to which the plaintiff responded and Motorists Mutual replied. In September 2005, the plaintiff filed a motion to remand, to which the defendants, Heightland and Motorists Mutual, responded and the plaintiff replied.

For the reasons set forth below, this Court finds that the motion to remand of plaintiff Paul Haynes must be granted and the motion to dismiss of defendant Motorists Mutual Insurance Company must be denied as moot but without prejudice.

## II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia

---

[2]The 2005 complaint differs from the 2003 complaint because the 2005 complaint alleges violations of the Unfair Trade Practices Act against Motorists Mutual, Heightland's insurance carrier, and does not request punitive damages or claims against the underinsured motorist carrier, Erie Insurance Group.

2

Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See id.

Accordingly, the burden of establishing that the plaintiffs' damages exceed the jurisdictional amount of $75,000.00 lies with the defendant. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). This Court has consistently applied the "preponderance of evidence" standard to determine whether the defendant has met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00. See id.

Although courts strictly construe removal jurisdiction, see Mulcahey, 29 F.3d 151, the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When considering the amount in controversy requirement of § 1332(a), ethical considerations are also relevant. In Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the court

3

noted that an attorney's duty of candor imposed by Rule 11 of the state's rules of civil procedure should prevent the plaintiff's attorneys from using deceptive practices to avoid federal court jurisdiction. Consequently, unless provided with a reason, a court should not assume that a plaintiff's attorney has represented falsely, or did not appreciate, the value of his or her client's case. See id.

Finally, it is a long-standing principle that amount in controversy is determined at the time the complaint was filed. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, if a post-removal event destroys the basis for removal jurisdiction available when the complaint was filed, a motion to remand should be denied. See Wisconsin Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998); St. Paul Mercury, 303 U.S. at 292.

### III. Discussion

In his motion to remand, the plaintiff argues that diversity of citizenship does not exist and that the defendants, Heightland and Motorists Mutual, have not sufficiently demonstrated that the amount in controversy has been satisfied for jurisdictional purposes.

Motorists Mutual responds that Heightland was fraudulently joined and thus, complete diversity exists. In addition, Motorists Mutual asserts that the claims against the defendants, Heightland and Motorists Mutual, satisfy the amount in controversy requirement.

After careful consideration of the memoranda filed in support and in opposition of the plaintiff's motion to remand, this Court finds that: (1) there is diversity of citizenship among the plaintiff and defendants, Heightland and Motorists Mutual; (2) Heightland was not fraudulently joined for purposes of defeating diversity of citizenship; and (3) defendants, Heightland and Motorists Mutual, have not met their burden of proof with regard to the amount in controversy.

A.  Fraudulent Joinder

"To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)(quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).  A claim of fraudulent joinder places a heavy burden on the defendant. See Marshall, 6 F.3d at 232.  "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant

even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted). "Once the court identifies this <u>glimmer of hope</u> for the plaintiff, the jurisdictional inquiry ends." <u>Hartley</u>, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged <u>any possible</u> claim against the co-defendant.

The plaintiff argues that there is no diversity of citizenship to support removal. (Pl.'s Mot. to Remand at 1.) Motorists Mutual further asserts that Vera Heightland was fraudulently joined and her residency should be disregarded for purposes of determining the propriety of removal. Specifically, Motorists Mutual argues that the plaintiff is involved in a separate state court action, and thus, is fraudulently joined in this civil action. Further, in its response, Motorists Mutual states that "[c]omplete diversity of citizenship exists . . . ." (Def. Motorists Mutual's Resp. ¶ I.)

This Court finds that complete diversity of citizenship exists in this civil action. The plaintiff is a West Virginia resident, defendant Heightland is an Ohio resident and defendant Motorists Mutual Insurance Company is an Ohio corporation with its principal place of business in Columbus, Ohio. Motorists Mutual's argument

6

of fraudulent joinder to defeat diversity of citizenship is inapplicable to this case because there is diversity of citizenship between the plaintiff, a West Virginia resident, and the defendants, Heightland, an Ohio resident, and Motorists Mutual, an Ohio corporation. Accordingly, diversity of citizenship exists and Heightland was not fraudulently joined to defeat diversity of citizenship.

This Court notes that even if this civil action lacked diversity of citizenship, Motorists Mutual has failed to meet its heavy burden of showing that the plaintiff would be entitled to no relief against Heightland. Motorists Mutual argues that Heightland was fraudulently joined because she was named in the separate 2003 civil action. Motorists Mutual cites no authority for its position. This Court finds that the evidence that Heightland was name in two separate civil actions does not meet the heavy burden of showing that Heightland was fraudulently joined.

B. <u>Amount in Controversy</u>

The defendants' removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See <u>Varela v. Wal-Mart Stores, East, Inc.</u>, 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 938 (S.D. W. Va. 1996). Here, the defendants, Heightland and Motorists Mutual, have offered

no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00.

Motorists Mutual argues that "damages would likely exceed the $75,000.00 jurisdictional minimum." (Def. Motorists Mutual's Reply at 6.) Motorists Mutual bases its belief upon the plaintiff's claims for medical expenses, loss of income, pain and suffering, mental anguish, loss of ability to enjoy life and the fact that bodily injuries and loss may be permanent in nature. (Notice of Removal ¶ 7A.) Motorists Mutual states that the plaintiff has medical bills that total approximately $6,000.00. (Notice of Removal Ex. 3 ¶ 11.) In addition, Motorists Mutual states that the per-person policy limit applicable to the claim at issue is $50,000.00. Motorists Mutual then argues that under a "conservative assumption," the potential out-of-pocket damages on the plaintiff's unfair trade practices act claims "could approximate $25,000.00 ($5,000 in interest per year between March, 2004 and October, 2005, and $16,667 in attorney's fees)." (Notice of Removal ¶ 7E.) Motorists Mutual further argues that this Court should consider any punitive damages available. Motorists Mutual argues that the "potential damage award" for the Unfair Trade Practices Claims in this civil action approaches $150,000.00. (Def. Motorists Mutual's Resp. at 10.)

The plaintiff argues that the complaint does not specify an amount of damages. The plaintiff further states that specific

damages are approximately $3,500.00 and that he has no claim for lost wages. The plaintiff argues that since he has not demanded an amount of money, Motorists Mutual can only speculate as to the amount being sought by the plaintiff.

The plaintiff requests damages for medical expenses, loss of income, pain and suffering, mental anguish and loss of ability to enjoy life. The only specific amount cited to this Court by Motorists Mutual is for medical bills, which total $6,000.00. The fact that medical expenses are about $6,000.00 indicates that damages in this action could be well below the jurisdictional minimum.

As previously stated, the plaintiff argues that there was no "specific demand by plaintiff." (Pl.'s Mot. to Remand at 3.) Motorists Mutual argues that plaintiff made an initial demand of $50,000.00 on September 23, 2005. (Def. Motorists Mutual's Resp. at 8 n.3.) Pursuant to the alleged initial demand, Motorists Mutual offers its "conservative assumption" that the plaintiff's claims should have settled for $50,000.00 one year after the accident and the potential out-of-pocket damages under the Unfair Trade Practices Act could approximate $25,000.00. (Notice of Removal at ¶ E.) Motorists Mutual's assumption is mere speculation. Motorists Mutual even states that damages "could" reach $150,000.00. There is no evidence that damages at the time of removal exceed $75,000.00. See Gafford v. General Elec. Co.,

997 F.2d 150, 158 (6th Cir. 1993)(noting that a statement by the defendant that "the amount in controversy exceeds $75,000" is insufficient to establish existence of the required amount). Further, Motorists Mutual's argument that there is a likelihood of punitive damages just because the plaintiff claims he is entitled to punitive damages does not give rise to federal jurisdiction. See Landmark Corp., 945 F. Supp. at 938.

Accordingly, this Court finds that Motorists Mutual has failed to establish that plaintiff's claim exceeds the $75,000.00 jurisdictional minimum.

C. Aggregating Claims

To determine whether separate claims for less $75,000.00 can be aggregated to exceed the $75,000.00 threshold in diversity cases, the Court must look at the number of parties involved and the nature of the liability asserted.

The general rule with respect to aggregation of a plaintiff's claims against two or more defendants is that if the alleged liability is separate and distinct, then aggregation is not permitted even if the claims arise out of the same transaction or occurrence. See e.g. Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004); Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961). Courts have recognized an exception to the general rule of non-aggregation. A single plaintiff's claims can be aggregated against several defendants for jurisdictional purposes

when the defendants are jointly liable to the plaintiff on each claim.  See id.; Sovereign Camp Woodmen v. O'Neill, 266 U.S. 292, 297-298 (1924); National Union Fire Insurance Co. v. Allfirst Bank, 255 F. Supp. 2d 614, 616 (Md. 2002).

Motorists Mutual argues that if the two separate claims do not meet the jurisdictional minimum, then the claims against both defendants should be aggregated for purposes of determining whether the amount-in-controversy is satisfied pursuant to Stone v. Stone, 405 F.2d 94 (4th Cir. 1968).  This Court disagrees.

Stone is not applicable in this civil action.  In Stone, the court aggregated the plaintiff's two claims against the daughter-in-law to meet the requisite amount in controversy.  The court then exercised supplemental jurisdiction over the claims against the grandson.  Id.  In Stone, the claims against the daughter-in-law met the requisite amount in controversy while the claims against the grandson did not meet the requisite amount in controversy.  Id.  In the present civil action, the plaintiff has two separate claims against two separate defendants, Heightland and Motorists Mutual. This case is distinguishable from Stone because there is only one claim against each defendant.

To determine whether to aggregate the claims against the defendants, Heightland and Motorists Mutual, this Court must determine if they are jointly liable.  This Court finds that the defendants, Heightland and Motorists Mutual, are not jointly liable.

The claim against Heightland is for negligence and the claim against Motorists Mutual is for bad faith and unfair claim settlement practices. Thus, the claims against Heightland and Motorists Mutual cannot be aggregated to satisfy the amount in controversy requirement.

D.  <u>Supplemental Jurisdiction</u>

The doctrine of supplemental jurisdiction provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Section 1367(c) then goes on to provide that courts "may decline" to exercise supplemental jurisdiction in certain circumstances. <u>Id.</u>

Motorists Mutual argues that, if this Court does not aggregate the claims against the defendants Heightland and Motorists Mutual, this Court must exercise supplemental jurisdiction unless subsection (c) of 28 U.S.C. § 1367 applies. Specifically, Motorists Mutual contends that the claims asserted against it exceeds $75,000.00 and this Court should assert supplemental jurisdiction over the claims against Heightland. Motorists Mutual cites <u>Sayre v. Potts</u>, 32 F. Supp. 2d 881 (S.D. W. Va. 1999), which held that the court had supplemental jurisdiction over a claim that did not independently satisfy an amount in controversy requirement where the other claim

12

satisfied the amount in controversy because the claims arose from a "common nucleus of operative fact."  This civil action is distinguishable from Sayre because neither the claim against Motorists Mutual nor the claim against Heightland satisfy the amount in controversy.  Id.

This Court does not have original jurisdiction over the plaintiff's claims.  As discussed above, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, because neither claim asserted meets the requisite amount in controversy.  It should also be noted that this Court does not have original jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and none of the parties assert that this civil action is based upon federal question jurisdiction.  However, Motorists Mutual states that Mine Workers v. Gibbs, 383 U.S. 715 (1966), provides this Court with authority to exercise supplemental jurisdiction over plaintiff's claims because "[f]ederal and state law claims form a single, constitutional case if they 'derive from a common nucleus of operative fact.'"  (Def. Motorists Mutual's Resp. at 14.)  Motorists Mutual fails to identify any federal law claims in this civil action.  This Court notes that this civil action involves only state law claims of negligence and the West Virginia Unfair Trade Practices Act.  Accordingly, this Court finds that it cannot exercise supplemental jurisdiction over the claim

against Heightland because it does not have original jurisdiction over the claim against Motorists Mutual and vice versa.

For the reasons stated above, the plaintiff's motion to remand must be granted at this time and Motorists Mutual's motion to dismiss must be denied as moot but without prejudice to that motion being considered in the state court action.

## IV. Conclusion

For the reasons stated above, the motion to remand of plaintiff Paul Haynes is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that the motion to dismiss of defendant Motorists Mutual Insurance Company is hereby DENIED AS MOOT BUT WITHOUT PREJUDICE. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED:    March 28, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE